IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-55-JPG-DGW |
| | ) | |
| KIMBERLY BUTLER, and JOHN DOE #3, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Before the Court is Plaintiff's Request for Acceptance of Amended Complaint, construed as a Motion to Amend the Complaint, filed on August 5, 2015 (Doc. 26).   For the reasons set forth below, Plaintiff's Motion is **GRANTED IN PART AND DENIED IN PART**.

In his Motion to Amend, Plaintiff explains that pursuant to this Court's screening order (Doc. 16), he was ordered to identify and serve John Doe #3.  Plaintiff indicates that he has identified this defendant and asks that the Court file his Second Amended Complaint and issue summons to Sandra Funk.

Federal Rule of Civil Procedure 15(a) states that a party may amend a pleading and leave to amend should be freely given "when justice so requires".   The Seventh Circuit liberally allows amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977).   This Circuit recognizes "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989).    A court may

deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

In his proposed second amended complaint, Plaintiff has indeed identified the transfer coordinator, John Doe #3, who he alleges transferred Plaintiff to Menard in violation of the Eighth Amendment.   Insofar as Plaintiff's proposed second amended complaint seeks to identify this defendant, his motion is **GRANTED**.   However, Plaintiff has included allegations against numerous other defendants, including many John/Jane Doe defendants that the Court dismissed without prejudice in its screening order.   Plaintiff has not provided additional details or allegations to support these additional claims; as such, insofar as his proposed second amended complaint sets forth allegations against individuals other than Sandra Funk, his request to amend is **DENIED**.   Accordingly, the Clerk of Court is **DIRECTED** to file Plaintiff's proposed amended complaint as his Second Amended Complaint.   Allegations not related to Plaintiff's claim against Sandra Funk are hereby **STRICKEN**.

The Clerk of Court shall prepare for Defendant **Sandra Funk**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of Summons), and (2) Form 6 (Waiver of Service of Summons).   The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint, and this Order to Defendant's place of employment as identified by Plaintiff.   If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.   Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.   Plaintiff shall include with

the original paper to be filed a certificate stating the date on which a true and correct copy of any

document was served on Defendant or counsel.   Any paper received by a district judge or

magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service

will be disregarded by the Court.

**IT IS SO ORDERED.**

**DATED: September 22, 2015**

**DONALD G. WILKERSON**
**United States Magistrate Judge**