IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-55-NJR-DGW |
| | ) | |
| KIMBERLY BUTLER and SANDRA FUNK, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | Consolidated with: |
| | ) | |
| JAMES OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:15-cv-1085-NJR-DGW |
| | ) | |
| v. | ) | |
| | ) | |
| JOHN R. BALDWIN and SANDRA FUNK, | ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on Plaintiff's Motion for Preliminary Injunction (Doc. 39). For the reasons set forth below, it is **RECOMMENDED** that the Motion be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff, James Owens, filed this lawsuit (*Owens v. Butler*, 14-cv-55-NJR-DGW) on January 15, 2014 pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated.

Plaintiff's complaint was screened by District Judge J. Phil Gilbert on March 24, 2015 and Plaintiff was allowed to proceed in this action on one claim against Defendant Sandra Funk, the IDOC Transfer Coordinator, for transferring Plaintiff from Pinckneyville to Menard, despite Plaintiff having been administratively removed from Menard in 2005 and without regard to Plaintiff having filed suit against Menard staff, in violation of the Eighth Amendment[1]. Following the filing of his complaint, Plaintiff filed a "Memorandum of Law in Support of Plaintiff's Request for Preliminary Injunction" (Doc. 39), which the Court construes as a Motion for Preliminary Injunction.

In his Motion for Preliminary Injunction, Plaintiff asserts that he has "stated a clearly established right to be placed in a facility that is warranted by [his] classification as identified by the clinical service staff at [his] present prison" (Doc. 39, p. 2). Based on statements included in Plaintiff's motion, it appears he is asking the Court to order that Plaintiff be transferred to another institution as preliminary injunctive relief in this matter. Defendant Funk timely responded to Plaintiff's motion (Doc. 40), asserting that Plaintiff's request for a transfer should be denied as he has failed to plead any facts that would entitle him to preliminary injunctive relief. Defendant Funk also argues that Plaintiff has no right to select the facility in which he is incarcerated.

## CONCLUSIONS OF LAW

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL

---

[1] The Court's Order at Document 16 was amended by interlineation on October 26, 2015 (*see* Doc. 33); however, that amendment has no bearing on the Eighth Amendment claim pending before the Court.

PRACTICE AND PROCEDURE § 2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating:

1. A reasonable likelihood of success on the merits;
2. No adequate remedy at law; and
3. Irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. of Health*, 699 F.3d 962, 972 (7th Cir. 2012). As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). The Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.* In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents. The movant's threshold burden, however, is to show the first three factors. *Ping v. Nat'l Educ. Ass'n*, 870 F.2d 1369, 1371 (7th Cir. 1989).

In this instance, Plaintiff has failed to meet his threshold burden for a preliminary injunction as Plaintiff has made no showing that he will suffer imminent, irreparable harm absent preliminary injunctive relief. *See Graham v. Medical Mut. of Ohio*, 130 F.3d 293, 296 (7th Cir. 1997) ("Irreparable harm is harm which cannot be repaired, retrieved, put down again, atoned for. The injury must be of a particular nature, so that compensation in money cannot atone for it."

(quotation marks, internal editing marks, and citation omitted)). Specifically, aside from making general statements that he should be placed in a facility that is warranted by his classification from the clinical services staff, Plaintiff has made no indication as to what harm will come to him if he is not transferred or what harm he is enduring by being incarcerated at Lawrence Correctional Center. Moreover, as mentioned by Defendant, the Supreme Court has made it abundantly clear that a prisoner has no constitutional right to select a particular correctional facility for his placement or to be transferred to a different facility upon request. *Olim v. Waukinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976). As such, the Court is not inclined to intervene with the day-to-day administration and management of the Illinois Department of Corrections.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction (Doc. 39) be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: June 22, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**