IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 14-CV-55-NJR-DGW |
| | ) | |
| SANDRA FUNK and JOHN R. BALDWIN, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 50), which recommends denying the motion for preliminary injunction filed by Plaintiff James Owens (Doc. 39). For the reasons explained below, the Report and Recommendation is adopted, and the motion for preliminary injunction is denied.

### BACKGROUND

Plaintiff James Owens, an inmate in the Illinois Department of Corrections ("IDOC") currently housed at Lawrence Correctional Center, filed this *pro se* lawsuit pursuant to 42 U.S.C. § 1983 on January 15, 2014, alleging his constitutional rights were violated (Doc. 1; Doc. 16).[1] Plaintiff claimed that in 2005 he was granted protective custody and administratively removed from Menard Correctional Center ("Menard")

---

[1] This case was initially assigned to Senior District Judge J. Phil Gilbert; it was reassigned to the undersigned on June 7, 2016 (Doc. 47).

because he had "enemies" there. Plaintiff was transferred back to Menard in December 2011, however, at the direction of Sandra Funk, the IDOC Transfer Coordinator. Upon arriving at Menard, Plaintiff was assaulted by correctional officers. Following a threshold review of the complaint under 28 U.S.C. § 1915A, Plaintiff was permitted to proceed on a claim of deliberate indifference against Sandra Funk (Doc. 9; Doc. 27).

Plaintiff filed a second lawsuit against Sandra Funk on September 30, 2015. *Owens v. Funk*, Case No. 15-cv-1085 (S.D. Ill). In that case, Plaintiff alleged that Funk denied his transfer request from Lawrence to Danville Correctional Center, even though the warden at Lawrence purportedly approved the transfer, and Plaintiff's security rating qualified him for placement at a lower security facility. *Id.* at Doc. 7. Plaintiff alleged that Funk denied his transfer request to retaliate against him for filing the first lawsuit against her. *Id.* Following a threshold review of the complaint under 28 U.S.C. § 1915A, Plaintiff was permitted to proceed on one count of retaliation in violation of the First Amendment against Funk. *Id.* The two lawsuits were then consolidated in November 2015 (Doc. 36).

One month later, Plaintiff filed a "Memorandum of Law in Support of Plaintiff's Request for Preliminary Injunction" (Doc. 39). Magistrate Judge Wilkerson construed the submission as a motion for preliminary injunction in which Plaintiff asked the Court to order the IDOC to transfer him to another institution (Doc. 50). Magistrate Judge Wilkerson issued a Report and Recommendation on June 22, 2016, recommending that Plaintiff's motion be denied (Doc. 50). Plaintiff filed an objection to the Report and Recommendation on July 20, 2016 (Doc. 55). Defendant Sandra Funk did not file a

response to Plaintiff's objection.

**THE REPORT AND RECOMMENDATION AND PLAINTIFF'S OBJECTION**

Magistrate Judge Wilkerson recommended denying Plaintiff's request for a preliminary injunction because Plaintiff failed to meet his threshold burden of showing that he would suffer imminent, irreparable harm absent preliminary injunctive relief (Doc. 50). In particular, Magistrate Judge Wilkerson stated that Plaintiff made only general statements that he should be placed in a facility that is warranted by his classification, but he gave no indication what harm will come to him if he is not transferred or what harm he was enduring by being incarcerated at Lawrence (Doc. 50). Magistrate Judge Wilkerson further stated that "the Supreme Court has made it abundantly clear that a prisoner has no constitutional right to select a particular correctional facility for his placement or to be transferred to a different facility upon request" (Doc. 50).

In his objection to the Report and Recommendation, Plaintiff submits evidence that his request for a transfer to Danville had been approved at the institutional level on four occasions (Doc. 55, pp. 8, 11, 15, 21). Each of his requests, however, was ultimately rejected by Sandra Funk for reasons that Plaintiff considers to be untrue or impermissible (Doc. 55). He claims that he "need not state a specific harm that [he is] experiencing" as a result of being incarcerated at Lawrence, but he goes on to allege that the "lack of grass or any soft surface at Lawrence CC exacerbates [his] medical disability of pain and numbness in [his] back and left leg" for which he uses a cane, a wheelchair, and a back brace (Doc. 55, pp. 3, 4). Plaintiff also claims that in the three and a half years

that he has been at Lawrence, he has been permitted access to the "general library" on only four occasions despite his repeated requests (Doc. 55, p. 4).

## DISCUSSION

Because timely objections were filed, the undersigned must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the district judge to "give fresh consideration to those issues to which specific objections have been made" and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper*, 824 F.Supp. at 788 (citing 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788.

"It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing, carries the burden of persuasion.*" *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (citation omitted). Plaintiff's first threshold requirement for obtaining a preliminary injunction is to demonstrate that he will suffer irreparable harm in the absence of the relief sought. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of Am., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008). The irreparable harm must be "real," "substantial," and "immediate." *City of Los Angeles v. Lyons,* 461 U.S. 95, 111 (1983). Plaintiff cannot simply

allege that he is facing irreparable harm; he must specify what that harm is. *See, e.g.,* *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1180 (10th Cir. 2011) ("[The plaintiff] should identify at least the general nature of the serious physical injury he asserts is imminent. Vague and utterly conclusory assertions are insufficient. Credible, uncontroverted allegations of physical threats and attacks would be sufficient, however.") (internal citations and quotation marks omitted); *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief.") (emphasis in original).

Plaintiff's objection to the Report and Recommendation is still insufficient to demonstrate immediate, irreparable harm. Plaintiff makes a generalized assertion that the lack of grass or other soft surfaces at Lawrence worsens the pain and numbness in his back and legs that he has apparently been suffering from for some time. He does not, however, provide any details or specific facts about the nature or intensity of his pain or why it would be alleviated if he was transferred to Danville. Additionally, it is unclear what sort of substantial and irreparable injury Plaintiff thinks he faces from not being able to go to the general library as frequently as he would like. To the extent that he does suffer some sort of injury, it is difficult to imagine that the injury cannot be fully remedied by an award of monetary damages. *See E. St. Louis Laborers' Local 100 v. Bellon Wrecking & Salvage Co.*, 414 F.3d 700, 703 (7th Cir. 2005) ("An injury is irreparable for purposes of granting preliminary injunctive relief only if it cannot be remedied through a monetary award after trial.")

Simply put, Plaintiff's assertions about the harms he purportedly suffers as a result of being kept at Lawrence are far too vague and generalized to show a substantial and imminent injury that entitles him to immediate relief or that justifies the Court's use of an extraordinary remedy which would necessarily interfere with the administration of the prison system. Plaintiff wants to hurry the adjudicative process so that he can be transferred now to a facility that he believes will be more pleasant than Lawrence, however, he has not demonstrated that it is legally necessary to do so.

### CONCLUSION

Plaintiff's objection (Doc. 55) is **OVERRULED**, Magistrate Judge Wilkerson's Report and Recommendation (Doc. 50) is **ADOPTED**, and Plaintiff's motion for a preliminary injunction (Doc. 49) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:   September 26, 2016**

**NANCY J. ROSENSTENGEL**
**United States District Judge**