IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES OWENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-55-NJR-DGW |
| ) | |
| SANDRA FUNK, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ———————————— ) | Consolidated with: |
| ) | |
| JAMES OWENS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:15-cv-1085-NJR-DGW |
| v. ) | |
| ) | |
| JOHN R. BALDWIN and SANDRA ) | |
| FUNK, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

**ROSENSTENGEL, District Judge:**

This matter is before the Court on a Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendants John Baldwin and Sandra Funk on July 22, 2016 (Doc. 56). For the reasons set forth below, the motion is granted in part and denied in part.

FACTUAL AND PROCEDURAL BACKGROUND

This matter involves two separate, but consolidated cases filed by Plaintiff, James Owens, an inmate in the custody of the Illinois Department of Corrections ("IDOC"),

pursuant to 42 U.S.C. § 1983. In his complaint filed in *Owens v. Funk*, 14-cv-55-NJR, Owens sets forth an Eighth Amendment claim against Defendant Sandra Funk for transferring him from Pinckneyville Correctional Center to Menard Correctional Center ("Menard"), despite Owens having been administratively removed from Menard in 2005 due to having known enemies there (*see* Docs. 16 and 28). John R. Baldwin, the IDOC Director, is named as a defendant in this lawsuit in his official capacity only for purposes of injunctive relief (*Id.* at p. 7). In his subsequent case, *Owens v. Baldwin, et al.*, 15-cv-1085-NJR, filed on September 30, 2015, Owens sets forth a First Amendment claim against Defendant Sandra Funk for transferring him to different prisons on one or more occasions in retaliation for filing his previous lawsuit against her (case 15-cv-1085, Doc. 7, p. 3).

In the motion for summary judgment now before the Court, Defendants Funk and Baldwin argue Owens failed to submit a grievance in 2011 or 2012 regarding the alleged improper transfer that took place in December 2011 by Defendant Funk and, as such, they ask the Court to enter judgment in their favor. In support of their motion, Defendants assert that the records of the Administrative Review Board ("ARB") do not contain any grievance concerning an improper transfer by Defendant Funk in December 2011, and Owens has failed to produce any such grievance. Defendants make no argument, however, concerning grievances filed by Owens complaining that Defendant Funk retaliated against him for filing a lawsuit. As such, the Court does not engage in any analysis to determine whether Owens exhausted his First Amendment claim against

Defendant Funk pending in *Owens v. Baldwin, et al.*, 15-cv-1085-NJR, as that is not properly before the Court.

Owens filed a response to Defendants' motion for summary judgment on September 8, 2016 (Doc. 60). In his response, Owens asserts that he exhausted his administrative remedies and, in support of this assertion, he attached a copy of a grievance dated December 4, 2012, which he contends shows his attempts to exhaust his claim against Defendant Funk (*See id.* at pp. 5-7).

On December 30, 2016, the Court notified the parties that based on the evidence presented with regards to the issue of exhaustion, the undersigned was inclined to grant Defendants' motion for summary judgment, but on grounds not argued by Defendants. Specifically, the Court noted that the grievance dated December 4, 2012, which Owens relied on to establish exhaustion, appeared to have been filed well beyond the time period prescribed by the Illinois Administrative Code because the events at issue in this case relate to a transfer that occurred in December 2011 (Doc. 68). *See* ILL. ADMIN. CODE, title 20, § 504.810(b) (requiring grievances to be filed within sixty days of occurrence). Consequently, the Court indicated that it was inclined to grant Defendants' motion on this basis. Pursuant to Rule 56(f), the Court granted the parties thirty days to file a response to the Court's Order and assert any argument related to the filing of the December 4, 2012 grievance (*See* Doc. 68). At his request, the Court extended the time for Owens to file a response to the Court's Order to February 21, 2017 (Doc. 71). Owens's response was filed one week late, on February 28, 2017 (Doc. 72). Nonetheless, the Court recognizes the limited access Owens has to the law library and his legal materials, as set

forth in his Motion for Extension of Time (Doc. 70) and, as such, finds that his response was timely filed.

In his response to the Court's Order, Owens sets forth case law regarding the tolling of statute of limitations while an inmate attempts to exhaust his administrative remedies (Doc. 72). Owens then argues that his grievance log shows he was actively pursuing grievances from 2006 to 2015 except during 2011, when Defendants obstructed the filing of grievances at Menard CC until December 12, 2011 (Doc. 72). Owens goes on to argue that the statutory deadline is tolled in this case because the ARB never responded to his grievance (Doc. 72).

## LEGAL STANDARDS

### Summary Judgment Standard

The standard applied to summary judgment motions under Federal Rule of Civil Procedure 56 is well-settled and has been succinctly stated as follows:

> Summary judgment is appropriate where the admissible evidence shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. A "material fact" is one identified by the substantive law as affecting the outcome of the suit. A "genuine issue" exists with respect to any such material fact . . . when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." On the other hand, where the factual record taken as a whole could *not* lead a rational trier of fact to find for the non-moving party, there is nothing for a jury to do. In determining whether a genuine issue of material fact exists, we view the record in the light most favorable to the nonmoving party.

*Bunn v. Khoury Enterprises, Inc.*, 753 F.3d 676, 681 (7th Cir. 2014) (citations omitted).

**Exhaustion Requirements under the PLRA**

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust their administrative remedies through the prison's grievance process before filing a civil rights suit pertaining to prison conditions. 42 U.S.C. § 1997e(a); *Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016). "The exhaustion requirement is interpreted strictly; thus, a 'prisoner must comply with the specific procedures and deadlines established by the prison's policy.'" *Pyles*, 829 F.3d at 864 (quoting *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015)). However, an inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a).

Failure to exhaust administrative remedies is an affirmative defense; Defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006).

**Exhaustion Requirements under Illinois Law**

As an inmate confined in the Illinois Department of Corrections, Owens was required to follow the three-step process outlined in the Illinois Administrative Code. *Pyles*, 829 F.23d at 864 ("State law determines the administrative remedies that a state prisoner must exhaust for PLRA purposes.").

First, an inmate must attempt to resolve a complaint informally with his counselor. ILL. ADMIN. CODE, title 20, § 504.810(a). If the complaint is not resolved, the inmate must submit a written grievance to the grievance officer within sixty days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id.* at § 504.810(b). The grievance is then considered by the grievance officer and the chief

administrative officer at the facility (usually the warden), who must issue a decision within two months of receiving the grievance "where reasonably feasible under the circumstances." *Id.* at § 504.830(d). If the inmate is unsatisfied with the chief administrative officer's decision, he can appeal to the ARB for a final determination from the director of the IDOC. *Id.* at 504.850(a). The appeal must be filed within thirty days of the date of the chief administrative officer's decision. *Id.* An inmate's administrative remedies are not exhausted until the appeal is ruled on by the ARB. *See Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006).

## DISCUSSION

As previously mentioned, the only relevant grievance before the Court is the grievance submitted by Owens in response to Defendants' motion for summary judgment dated December 4, 2012 (*See* Doc. 60, pp. 5-6). Notably, in his response to the Court's Order, Owens did not assert that he filed any other grievances regarding his Eighth Amendment claim against Defendant Funk. While the Court is mindful of Owens's argument regarding the tolling of the statute of limitations, it simply misses the mark.

The alleged unconstitutional action taken by Defendant Funk was an improper transfer that occurred in December 2011. The Illinois Administrative Code requires that grievances be filed within sixty days of the occurrence. ILL. ADMIN. CODE, title 20, § 504.810(b). As such, Owens as required to file his grievance about his transfer by March 1, 2012, at the latest. Consequently, his December 4, 2012 grievance was clearly out of time and is therefore insufficient to exhaust the Eighth Amendment claim against

Defendant Funk in *Owens v. Butler*, 14-cv-55-NJR.

The Court finds it necessary to address Owens's assertion included in his response to the Court's Order that Defendants refused to provide him grievances during his time at Menard until December 12, 2011. First, the Court presumes that Owens has made a clerical error with regard to this date as his own grievance form indicates that he was not transferred to Menard until December 21, 2011 (*see* Doc. 60, p. 5). As such, the Court finds Owens likely meant to write "December 12, 2012." If the Court considers this argument with regard to a date of December 12, 2012, it finds Owens's claim to be disingenuous based on his own documents submitted to the Court. In particular, the Court points to grievance "1200" on Owens's grievance log (Doc. 72, p. 17). This grievance indicated it was sent to Owens's counselor on January 25, 2012 (Doc. 72, p. 17), which directly contradicts his assertion that he was not provided any grievance forms during his stay at Menard until December 12, 2012. Grievance "1200" received a response from Owens's counselor and the grievance officer prior to Owens's transfer to Lawrence (*See id.*). Further, the relevant grievance before the Court is dated December 4, 2012, but was signed by Owens on December 12, 2012 (*See* Doc. 60, p. 5). Given that it was dated December 4th, however, the Court presumes Owens had access to grievance forms on that date, which casts further doubt on his assertion that he was not provided any grievance forms during his stay at Menard until December 12th.

For these reasons, the Court finds that the time period for Owens to file a grievance regarding the transfer issue was not tolled, and his December 4, 2012 grievance was insufficient to exhaust his Eighth Amendment claim against Defendant

Funk.

## CONCLUSION

The Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendant John Baldwin and Sandra Funk (Doc. 56) is **GRANTED in part and DENIED in part**. It is granted as to Plaintiff's Eighth Amendment claim against Defendant Funk set forth in *Owens v. Funk*, 14-cv-55-NJR; that claim is **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to enter judgment in 14-cv-55-NJR accordingly and to close the case.

The motion is denied to the extent it was seeking summary judgment on Plaintiff's First Amendment claim against Defendant Funk set forth in *Owens v. Baldwin, et al.*, 15-cv-1085-NJR. Case 15-cv-1085-NJR shall proceed and is **ORDERED** to be unconsolidated from the instant action.

**IT IS SO ORDERED.**

DATED:   March 24, 2017

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**