IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES OWENS, #K83253,<br><br>        Plaintiff,<br><br>v.<br><br>SANDRA FUNK, and<br>JOHN BALDWIN,<br><br>        Defendants. | Case No. 14-cv-00055-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff James Owens, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), is currently proceeding with an Eighth Amendment claim pursuant to 42 U.S.C. § 1983 against Defendant Sandra Funk for transferring him from Pinckneyville Correctional Center ("Pontiac") to Menard Correctional Center ("Menard") in 2011, disregarding a substantial risk of serious harm to his safety. This matter is before the Court on the Motion for Recruitment of Counsel (Doc. 122) and the Motion to Compel Discovery (Doc. 123) filed by Owens, and a Motion for Extension of Time (Doc. 126) filed by Defendant Funk.

### MOTION FOR RECRUITMENT OF COUNSEL

In the motion for recruitment of counsel, Owens claims that he is in need of court recruited counsel because discovery has become increasingly difficult for him. (Doc. 122). He states that he has been transferred four times since 2011 making it difficult to obtain discovery materials. Because he is indigent, he is limited on the mail he can send at

government expense due to IDOC policy; thus, he is unable to conduct investigations to find inmate witnesses and seek discovery from outside sources by mail. Owens also claims that Defendants misidentified Sandra Funk as the staff person who transferred him from Pinckneyville to Menard and have not provided him with the names of the persons who really authorized his transfer.

Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Owens has demonstrated reasonable efforts to located counsel on his own without success (*see* Doc. 31), and the Court finds the circumstances presented at this stage of litigation warrant recruitment of counsel. Because of his indigency and the fact that he is no longer incarcerated where the alleged events occurred, Owens does not seem capable of identifying, collecting, and presenting the right type of evidence. *See McCaa v Hamilton,* 893 F.3d 1027, 1032-33 (7th Cir. 2018). The case has become too challenging for Owens to continue representing himself.

Accordingly, the Court deems it both appropriate and necessary to recruit an attorney to represent Owens in this matter going forward. The Court has randomly selected counsel through the Case Management/Electronic Case Filing ("CM/ECF") system to represent him in conducting discovery and continuing to prosecute his claims *in this case only*.

## MOTION TO COMPEL

Because counsel has been recruited to represent him, the Motion to Compel (Doc. 123) will be denied without prejudice at this time so that recruited counsel can evaluate how to proceed with discovery.

The Court will still address Owens's claims presented in the Motion for Recruitment of Counsel and Motion to Compel that Defendants provided him with a false identification of the John Doe defendant. Owens named John Doe #3, the transfer coordinator, as the individual liable for his unconstitutional transfer from Pontiac to Menard in 2011 in the First Amended Complaint. (Doc. 14, p. 4; Doc. 16). Defendant Warden Butler, who was party to the case for the sole purpose of discovering the identity of the John Doe defendant, provided information to Owens that in 2011 the transfer office coordinator was Sandra Funk. (Doc. 25). Owens, as master of his complaint, then made the decision to substitute Sandra Funk for John Doe #3 and filed a motion to amend the complaint. (*See* Docs. 26, 27). Although Sandra Funk has denied ordering the transfer since filing her Answer to the Second Amended Complaint in November 2015 (Doc. 35) and discovery may have revealed that other individuals could be liable, this does not mean that Defendants provided false information to Owens when they gave him the name of the individual who was employed as the transfer office coordinator in 2011. Nothing in the record indicates that Defendants falsely identified Sandra Funk or that she was not the transfer coordinator in 2011 as claimed.

## MOTION FOR EXTENSION OF TIME

Defendant Funk has filed a motion asking for an extension of time to complete

discovery and file a dispositive motion. (Doc. 126). She states that due to the COVID-19 pandemic she has been unable to take Owens's deposition. The Court finds good cause to amend the Scheduling Order, and the Motion for Extension of Time will be granted. Discovery shall be completed by **October 12, 2020,** and dispositive motions are due **November 11, 2020**.

## DISPOSITION

For the reasons stated above, the Motion for Recruitment of Counsel (Doc. 122) is **GRANTED** and the Motion to Compel (Doc. 123) **DENIED without prejudice**. In accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(i) and 83.9(b), attorney **Benjamin Michael Farley**, located at 600 Washington Avenue, Suite 2500, St. Louis, MO, 63101, is **ASSIGNED** to represent Plaintiff Owens in this civil rights case. On or before **August 27, 2020,** assigned counsel shall enter his appearance in this case. Attorney Farley is free to share responsibilities with an associate who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with Owens, explaining that an associate may also be working on the case. Owens should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order and copies of the docket sheet to attorney Farley. The electronic case file is available through the CM/ECF system.

Now that counsel has been assigned, Owens **SHALL NOT** personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Owens,

there is no guarantee the Court will appoint other counsel to represent him.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Owens and his counsel are **ADVISED** that, because Owens is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), any unpaid out-of-pocket costs must be paid from the proceeds. *See* SDIL-LR 3.1(c)(1). If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Counsel may be reimbursed for PACER fees for this case.

The district court has entered into an agreement with attorney James P. Chapman and the Illinois Institute for Community Law to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and

dealing with the client. Mr. Chapman can be reached by phone at (312) 593-6998 or email at JamesPChapman@aol.com. His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district. In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys which is available as a resource. It is listed under "Rules and Forms" as "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases." The Court encourages appointed counsel to consult it and Mr. Chapman as needed.

As of this date, Owens's contact information is:

> **JAMES OWENS, #K83253,**
> **Taylorville Correctional Center**
> **1144 State Route 29**
> **Taylorville, IL 62568**

Finally, the Motion for Extension of Time (Doc. 126) filed by Defendant Funk is **GRANTED.** Discovery is due by **October 12, 2020,** and dispositive motions are due by **November 11, 2020.**

**IT IS SO ORDERED.**

DATED:   August 14, 2020

                                                                            _____
                                                                            **NANCY J. ROSENSTENGEL**
                                                                            **Chief U.S. District Judge**